**John Robert DEMOS, Jr., Appellant**

v.

**PRESIDENT OF the UNITED STATES, The Hon. George W. Bush; The United States of America.**

**No. 09–4161.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 14, 2010.

Opinion filed: Feb. 17, 2010.

John Robert Demos, Jr., Steilacoom, WA, pro se.

Angela P. Tyson–Floyd, Esq., U.S. Atty. SC, Office of United States Attorney, Christiansted, VI, for President of the United States, The Hon. George W. Bush; The United States of America.

Before: BARRY, FISHER and ROTH, Circuit Judges.

OPINION

PER CURIAM.

On January 29, 2008, John R. Demos, Jr., an inmate in the State of Washington, filed in the District Court for the District

**342**

of the Virgin Islands a pleading titled "writ of quo warranto, or in the alternative, a civil claim against the President of the United States of America," purportedly pursuant to 28 U.S.C. § 1651. Although his pleading is largely illegible, Demos appears to claim, among other things, that then-President George W. Bush engaged in "employer discrimination" by failing to hire Demos "for the job of U.S. Secretary of State." Pleading at 9.

On September 23, 2009, the District Court entered an order dismissing the matter for failure to prosecute because Demos had neither served the defendants nor sought leave to proceed *in forma pauperis*. Demos timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. We will summarily affirm because the appeal presents "no substantial question." 3d Cir. IOP Ch. 10.6.

■■■ The record reflects that Demos neither paid the fees nor submitted a motion in the District Court for leave to proceed *in forma pauperis*. His suit was thus properly dismissed on that basis alone.[1] The filing fee issue aside, Federal Rule of Civil Procedure 4(m) provides that if service is not made within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id.* Although Demos asserts on appeal that he served the complaint, *see* "Petitioner's Rebuttal" at 2, there is no record evidence to support that assertion. Under Rule 4(*l*), "[u]nless service is waived, proof of service must be made to the court.... [P]roof must be made by the server's affidavit."

Demos did not demonstrate proper service.

For these reasons, we will affirm the order dismissing this matter for failure to prosecute.

---

1. We note that Demos is a litigant with "three strikes" under 28 U.S.C. § 1915(g). To the extent that he filed the present suit under "28 U.S.C. § 1651" in a thinly veiled attempt to evade the provisions of the Prison Litigation Reform Act, the District Court should have required Demos either to pay the filing fee for a civil action in full, or to demonstrate "imminent danger of serious physical injury" within the meaning of § 1915(g) if he wished to proceed *in forma pauperis*.